[Cite as *Eschborn v. Ohio Dept. of Transp.*, 2017-Ohio-824.]

| | |
|---|---|
| ANNE ESCHBORN | Case No. 2016-00171 |
| Plaintiff | Judge Dale A. Crawford |
| v. | <u>ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

**{¶1}** Now before the Court is a Motion for Summary Judgment filed, pursuant to Civ.R. 56, by Defendant, Ohio Department of Transportation (ODOT). Reply briefs have been submitted and reviewed. Plaintiff's Complaint alleges that she was wrongfully terminated by ODOT, based on her gender, in violation of R.C. 4112.99.

**{¶2}** On January 12, 2015, Plaintiff was hired as a seasonal employee referred to as a Highway Tech I. She was hired, primarily, to operate a truck that plowed and spread salt on roads within ODOT's jurisdiction. At the time of her hiring, she was the only female employee in the Cortland post. After less than a month of employment, she was terminated on February 10, 2015. Plaintiff contends that she was given multiple reasons for her termination: 1) she had not been performing her duties up to the standards expected for the position; 2) she was terminated due to lack of work; and 3) she was terminated due to her alleged use of foul language and sexual harassment. Plaintiff contends that the reasons offered by ODOT are pretext for unlawful gender discrimination.

**Summary Judgment Standard**

**{¶3}** Under Civ.R. 56(C), summary judgment is proper "if the pleadings, depositions, answer to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Thus, in order to determine whether Defendant is entitled to judgment as a matter of law pursuant to Civ.R. 56(C), the Court must ascertain whether the evidentiary materials presented by Defendant show that there is no genuine issue as to any material fact involved in the case. In making this determination it is necessary to analyze the landmark Ohio Supreme Court decision which addresses the "standards for granting summary judgment when the moving party asserts that the nonmoving party has no evidence to establish an essential element of the nonmoving party's case." *Dresher v. Burt*, 75 Ohio St.3d 280, 285, 1996-Ohio-107, 662 N.E.2d 264 (1996); *see also Saxton v. Navistar, Inc.*, 2013-Ohio-352, 986 N.E.2d 611 (10th Dist.), ¶ 7.

{¶4} In *Dresher*, the Ohio Supreme Court held:

{¶5} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. * * * [T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * The assertion must be backed by some evidence of the type listed in Civ.R. 56(C) which affirmatively shows that the nonmoving party has no evidence to support that party's claims." *Dresher, supra*, at 292-293.

{¶6} In interpreting the United States Supreme Court decision in *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986), the *Dresher* Court found no express or implied requirement in Civ.R. 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. *Dresher, supra*, at 291-292. Furthermore, the *Dresher* Court stated that it is not necessary that the nonmoving party

produce evidence in a form that would be admissible at trial in order to avoid summary judgment. *Id.* at 289, quoting *Celotex.* In sum, the *Dresher* Court held that the burden on the moving party may be discharged by "showing"–that is, pointing out to the Court– that there is an absence of evidence to support the nonmoving party's case. *Id.*

{¶7} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden as outlined in Civ.R. 56(E):

{¶8} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

## Gender Discrimination: Prima Facie

{¶9} Plaintiff claims discrimination on the basis of sex in violation of R.C. 4112. R.C. 4112.02 states, in pertinent part:

{¶10} "It shall be an unlawful discriminatory practice:

{¶11} "(A) For any employer, because of the race, color, religion, sex, military status, origin, disability, age or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

{¶12} To establish an employment discrimination claim, a plaintiff must demonstrate an adverse employment action causally linked to discriminatory intent. A plaintiff may introduce direct, circumstantial, or statistical evidence to show that the motivation for the adverse employment action plaintiff suffered was intentional discrimination. *Barnes v. GenCorp, Inc.*, 896 F.2d 1457 (6th Cir.1990); *Johnson v.*

*Kroger Co.*, 319 F.3d 858, 864-65 (6th Cir.2003). The ultimate inquiry is "whether the defendant intentionally discriminated against the plaintiff. *USPS Bd. Of Governors v. Aikens*, 460 U.S. 711, 715 (1983). A prima facie claim for employment discrimination may be established with either direct evidence or indirect evidence. *Mauzy v. Kelly Servs., Inc.,* 75 Ohio St. 3d 578, 1996-Ohio-265, 664 N.E.2d 1272, 1276-77 (1996). Direct evidence "refers to a method of proof, not a type of evidence. It means that a plaintiff may establish a prima facie case of age discrimination directly by presenting evidence, of any nature, to show that the employer more likely than not was motivated by discriminatory intent." *Mauzy,* 664 N.E.2d at 1279. Direct evidence of discrimination may be present in the rare case, such as where an employer says, "I fired you because you are disabled." *Smith v. Chrysler Corp.,* 155 F.3d 799, 805 (6th Cir.1998).

{¶13} Under the direct evidence method, once the plaintiff sets forth a prima facie claim of employment discrimination, no further inquiry is required. The Court will then consider whether Defendant presents evidence of valid, nondiscriminatory reasons for terminating Plaintiff. Then, the Court will consider whether Plaintiff establishes evidence that Defendant's proffered nondiscriminatory reasons for terminating Plaintiff were merely pretext. *Mauzy; Barnes; see also Kittle v. Cynocom Corp.*, 232 F.Supp.2d 867, 875 (S.D.Ohio 2002). One can reasonably infer pretext from an employer's shifting or inconsistent explanation for the decision to terminate employee. *Tinker v. Sears Roebuck & Co.*, 127 F.3d 519 (6th Cir.1997).

{¶14} Plaintiff has provided no direct evidence of discrimination. In the absence of direct evidence, the plaintiff may establish a prima facie case using the disparate treatment method. Disparate treatment discrimination has been described as "the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin." *Teamsters v. United States*, 431 U.S. 324, 335-36 (1977) fn. 15. In a disparate treatment case, liability depends upon whether the protected trait actually motivated the

employer's decision.  *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).  For example, the "employer may have relied upon a formal, facially discriminatory policy that required adverse treatment" of protected employees, or the "employer may have been motivated by the protected trait on an ad hoc, informal basis."  *Id.*  "Whatever the employer's decision making process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome."  *Id.*

{¶15} To determine whether the employer's actions were motivated by discriminatory intent, and thereby establish a prima facie case, courts may employ the framework established by the United States Supreme Court in *McDonnell Douglas*.  Under the  *McDonnell Douglas* standard, a plaintiff establishes a prima facie case discrimination on the basis of sex by establishing that she: 1) was a member of a protected class; 2) suffered an adverse employment action; 3) was qualified for the position held; and 4) that she was replaced by someone outside of the protected class.  *Id.* at 802.  The fourth prong can also be satisfied by demonstrating that "a comparable non-protected person was treated better."  *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344 (6th Cir.1998); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir.1992), citing *Davis v. Monsanto Chem. Co.*, 585 F.2d 345 (6th Cir.1998).

**There is No Evidence that Plaintiff was Replaced by Someone Outside the Protected Class**

{¶16} Plaintiff has not met her burden of establishing her prima facie case.  She did not plead in her Complaint that she was replaced by a non-protected individual nor does she provide any evidence that she was replaced by a non-protected individual in her reply memorandum.

{¶17} Plaintiff admits that she does not know whether or not she was actually replaced.  When asked in her deposition if she knew whether was replaced she said, "[t]o [her] knowledge, Tiny went up there.  Don't know his name."  Later, in order to

clarify, she was asked, "to your knowledge, he replaced - - he was sent up to Gustavus after you left?"  She replied, "Yes."  (Eschborn Depo., p. 49-50)

{¶18} Plaintiff argues that her testimony creates a legitimate issue of fact as to who, if anyone replaced her.  The Court does not agree.  Plaintiff has not met her reciprocal burden under Civ.R. 56(E).  If the moving party satisfies its initial burden by presenting or identifying appropriate Civ.R. 56(C) evidence, the nonmoving party must then present similarly appropriate evidence to rebut the motion with a showing that a genuine issue of material fact must be preserved for trial.  *Norris v. Ohio Standard Oil Co.,* 70 Ohio St.2d 1, 2, 433 N.E.2d 615 (1982).  The nonmoving party does not need to try the case at this juncture, but its burden is to produce more than a scintilla of evidence in support of its claims.  *Nu-Trend Homes v. Law Offices of DeLibera, Lyons & Bibbo*, 10th Dist. Franklin No. 01AP-1137, 2003-Ohio-1633, citing *McBroom v. Columbia Gas of Ohio, Inc.* (June 28, 2001), 10th Dist. Franklin No. 00AP-1110, 2001 Ohio App. LEXIS 2849.

{¶19} Plaintiff has not produced more than a scintilla of evidence.  She has only provided this Court with her own testimony that she heard from someone, not sure whether it was an ODOT employee or not, that ODOT moved "Tiny" into her old post after she left.  (Eschborn Depo., p. 49-53).

{¶20} Plus, Plaintiff testified that she worked with "Tiny" prior to her termination, so presumably he was already an ODOT employee.  (Eschborn Depo., p. 50).

{¶21} "[A] person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work."  *Mittler v. Ohiohealth Corp.,* 10th Dist. Franklin No. 12AP-119, 2013-Ohio-1634, citing *Barnes v. Gencorp, Inc.,* 896 F.2d 1457 (6th Cir.1990).  Plaintiff does not testify that she was replaced by "Tiny." Rather she testified that she believed "Tiny" was moved to her post after she was terminated.  If "Tiny" was in fact moved to the post, which has not been established, this

would not help Plaintiff in establishing the fourth element. If anything, this may be evidence of a redistribution of work and as such is not sufficient for establishing that Plaintiff was replaced.

**There is No Evidence that ODOT Treated a Comparable Non-Protected Person Better Than Plaintiff**

{**¶22**} A plaintiff can establish the fourth element of a prima facie case under the McDonnell Douglas test by showing that a comparable non-protected person was treated more favorably than the plaintiff. *Mitchell v. Toledo Hosp.*, 964 F.2d 577. "[T]he individuals with whom the plaintiff seeks to compare her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Ercegovich,* 154 F.3d 344, citing *Mitchell*, at 583.

{**¶23**} Plaintiff admits that while she was employed she did not see any examples of her male coworkers being treated differently. (Eschborn Depo., p. 65). However, she testified that foul language was commonplace in the workplace at ODOT. *Id.* She claims that ODOT maintained a double standard when it came to foul language used at work. However, she also admits that she is not aware of any time in which someone was offended by the use of foul language in the workplace, nor was she aware of a time that someone used similar language to that which she used. *Id.* at 71-72. Ultimately, Plaintiff has failed to demonstrate that a similarly-situated person was treated differently than she was. Construing the evidence in favor of Plaintiff, even if foul language was abundant in the workplace, Plaintiff has differentiated her statements by testifying that amongst the rampant use of foul language she never heard a male employee use language that was similar to the language she used.

{**¶24**} Again, Plaintiff has provided nothing more than a scintilla of evidence that she was treated differently than her male counterparts. Therefore, she has not met her

burden of proving the alternative fourth element of her prima facie case, pursuant to *Mitchell*.

{¶25} It is not necessary for the Court to consider the pretext argument because Plaintiff has failed to establish the prima facie case.

{¶26} For the reasons stated herein, Defendant's Motion for Summary Judgment is hereby GRANTED and judgment is rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
DALE A. CRAWFORD
Judge

cc:

David L. Engler
725 Boardman-Canfield Road, Suite S-3
Youngstown, Ohio 44512

Eric A. Walker
Stacy L. Hannan
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed February 21, 2017**
**Sent to S.C. Reporter 3/7/17**